THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: March 16, 2017

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

| | |
|---|---|
| Michael A. Gral, | Case No. 16-21329-GMH |
| Debtor-in-Possession.[1] | Chapter 11 |

| | |
|---|---|
| Capital Ventures, LLC, | Adv. Case No. 16-2140-GMH |
| Plaintiff, | |
| v. | |
| Estate of Peter Margolis, | |
| Defendant. | |

**DECISION**

---

[1] This court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. This order relates only to *In re Capital Ventures, LLC*, Case No. 16-21331 and *Capital Ventures, LLC, v. Estate of Peter Margolis*, Adversary Case No. 16-02140.

Capital Ventures, LLC, the debtor-in-possession, commenced this adversary proceeding to request a declaration that a mortgage it executed in favor of Peter Margolis, defendant Estate of Peter Margolis's predecessor-in-interest, is invalid. This decision will refer to the defendant as the "Estate." The Estate filed a two-count counterclaim. CM-ECF, Adv. Case No. 16-2140, Doc. No. 4 at 4–8.[2] Count I requests a damages judgment against Capital Ventures for breach of contract. *Id.* at 6–7. Count II requests "a determination of the extent, validity and priority of its mortgage lien" and "the extent of the current amount of the lien." *Id.* at 7–8. Capital Ventures filed an answer to the counterclaim that acknowledges the authenticity of the mortgage, note, and other counterclaim exhibits, but denies any liability. CM-ECF Doc. No. 6.

The Estate filed an 8-page speaking motion requesting a judgment in its favor under either Federal Rule of Civil Procedure 12(c) or 56 (made applicable by Federal Rules of Bankruptcy Procedure 7012 and 7056, respectively). CM-ECF Doc. No. 11. The motion does not specify the judgment the Estate seeks to have entered; it instead requests that the court "grant its [m]otion". CM-ECF Doc. No. 11 at 8. The Estate's motion reads like a supporting memorandum with a five-heading argument section. Four of those headings introduce arguments relating to whether the mortgage is valid; the fifth states that the Estate "is entitled to recover interest, attorney's fees and costs" under 11 U.S.C. §506(b). *Id.* at 3–8.

Capital Ventures filed a response. CM-ECF Doc. No. 12. It argued only that the mortgage is unenforceable as a matter of law because Capital Ventures did not sign the promissory note. *Id.* at 2-3.

---

[2] All docket references are to adversary proceeding number 16-2140 (Bankr. E.D. Wis.), unless otherwise indicated.

I

The Estate's motion does not comply with Federal Rule of Civil Procedure 7(b)(1)(c) (made applicable here by Federal Rule of Bankruptcy Procedure 7007). Motions must "state the relief sought." Fed. R. Civ. P. 7(b)(1)(C). Requesting only that the court "grant" a motion when that motion does not otherwise specify what the movant seeks to have ordered or adjudged fails to satisfy Rule 7(b)(1)(C). This is sufficient grounds to deny the motion.

Capital Ventures, however, does not object to the motion's form. Its response addresses only the mortgage's validity. Capital Ventures has treated that issue as ripe for determination on the pleadings. This decision will therefore be limited to adjudicating whether the mortgage is invalid as a matter of law.

The parties have incorporated the relevant documents into the pleadings (see CM-ECF Doc. Nos. 1, 4, and 6), so I proceed under Federal Rule of Civil Procedure 12(c). See *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998); see also Fed. R. Civ. P. 10(c) (made applicable here by Fed. R. Bankr. P. 7010). Capital Ventures premises its plea for a judgment declaring that the mortgage is invalid solely on a legal contention. The Estate's motion similarly relies solely on pleaded facts and the documents incorporated into the pleadings.

For the reasons that follow, I conclude that the Estate is entitled to a judgment declaring the mortgage valid and dismissing Capital Ventures' complaint.

II

A

Michael Gral and Peter Margolis were business partners who each owned membership interests in Capital Ventures. CM-ECF Doc. No. 4 at 5. In 2008, Gral bought out Margolis's interest. *Id.* Margolis provided financing by agreeing to accept a promissory note from Gral as payment. *Id.* at 5–6.

As part of the deal, Capital Ventures executed a mortgage on its principal asset, commercial real estate in Glendale, Wisconsin, to secure Gral's note. *Id.* at 6. The mortgage provides that Capital Ventures "mortgages . . . to Peter Margolis ("Lender") in consideration of the sum of . . . $292,777.95 . . . loaned or to be loaned to Michael A. Gral ("Borrower"[)] . . . by Lender, evidenced by Borrower's note(s) or agreement(s) dated July 1, 2008 the real estate described below", i.e., Capital Ventures' property in Glendale. CM-ECF Doc. No. 4-1 at 2.

The parties agree on all this.

B

Capital Ventures argues that the mortgage is invalid for a single reason—Capital Ventures was not a party to the promissory note that the mortgage secures. CM-ECF Doc. No. 12 at 2–3. According to Capital Ventures, only one liable on the debt that the mortgage secures can be a mortgagor: "the note and the mortgage must be signed by both the debtor on the note and the owner of the property that secures the note." *Id.* at 3.

1

Capital Ventures contends that "a plethora of cases" supports this legal principle. *Id.* at 2. It cites only *Martinez v. Mortgage Electronic Registration Systems, Inc. (In re Martinez)*, 444 B.R. 192 (Bankr. D. Kan. 2011), a bankruptcy court decision that applies Kansas law. At issue in *Martinez* was whether the court should deem a mortgage unenforceable because it was "split", that is, a person other than the holder of the promissory note held the mortgage. *Id.* at 199. *Martinez* concluded that there was no splitting because an agent of the noteholder held the mortgage. *Id.* at 206.

Capital Ventures asserts that here, "the right of enforcement of the note and mortgage [] are split." CM-ECF Doc. No. 12 at 3. And, Capital Ventures argues, pursuant to comment a to §5.4 of the RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES), "'when the right of enforcement of the note and the mortgage are split, the note

becomes as a practical matter, unsecured.'" *Id.* (quoting RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) §5.4 cmt. a (1997)).

Capital Ventures' reliance on this mortgage-splitting principle is misplaced. The mortgage at issue here specifies that Wisconsin law governs its validity. CM-ECF Doc. No. 4-1 at 2, ¶ 19. Under Wisconsin law, the right to enforce the mortgage follows the right to enforce the note. See *Dow Family, LLC v. PHH Mortg. Corp.*, 848 N.W.2d 728, 733–36 (Wis. 2014). More important, the mortgage-splitting principle could not apply here because the Estate holds both the promissory note and the mortgage.

2

Neither party identifies any Wisconsin decisions addressing Capital Ventures' contention that a mortgage is unenforceable if the mortgagor is not liable on the underlying obligation. But §1.3 of the RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) refutes the contention, stating: "[a]n obligation whose performance is secured by a mortgage may be that of the mortgagor *or of some other person*" (emphasis added). The section's comment and illustration are particularly informative:

> *a. In general*. It is common for the owner of real property to execute a mortgage on it to secure the obligation of a family member, friend, business associate, or related partnership or corporation. . . . <u>A mortgage securing the obligation of a person other than the mortgagor is valid, whether or not the mortgagor receives any identifiable benefit in return</u>. . . .
>
> **Illustrations:** . . .
>
> 2. A is the sole stockholder of Corporation B. A borrows money from Bank for personal purposes, and A causes Corporation B to execute a mortgage on certain of its business real estate to secure the loan. The mortgage is enforceable notwithstanding that Corporation B receives no benefit from the loan.

*Id.* at cmt. a (emphasis added by underline). Illustration 2 is materially indistinguishable from the circumstances presented here. Capital Ventures executed a mortgage on its commercial property to secure its owner's obligation to repay Margolis.

In the absence of controlling Wisconsin authority, this court must "predict how the Wisconsin Supreme Court would decide the issues presented here." *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999). The Wisconsin Supreme Court has relied repeatedly on the RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) in construing Wisconsin mortgage law. See *Bank Mut. v. S.J. Boyer Const., Inc.*, 785 N.W.2d 462, 474–75 (Wis. 2016) (following the RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) §1.1 and its comment); *Walworth State Bank v. Abbey Springs Condominium Ass'n, Inc.*, 878 N.W.2d 170, 177 (Wis. 2016) (quoting the RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) §7.1); *Dow Family, LLC*, 848 N.W.2d at 735–36 (quoting RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) §5.4(a)). Given the Wisconsin Supreme Court's recent and repeated reliance on the Restatement, a sensible prediction is that the Wisconsin Supreme Court would follow the Restatement's directive that a mortgage can secure an obligation of a person other than the mortgagor. See also *Security Nat'l Bank v. Cohen*, 165 N.W.2d 140, 140–43 (Wis. 1969) (mortgage executed by father's corporation to secure the indebtedness of his son's separate corporation).

The Restatement's rule is also sensible. By executing a mortgage to secure another's obligation a mortgagor essentially makes a nonrecourse guaranty. See *Rhiel v. Chase Home Finance, LLC (In re Colbert)*, 434 B.R. 844, 847–48 (Bankr. S.D. Ohio 2010) (collecting cases under Ohio law). Capital Ventures offers no reason to conclude that the Wisconsin Supreme Court would disapprove of that arrangement.

Capital Ventures' sole argument for claiming that the mortgage is unenforceable thus depends on an incorrect understanding of mortgage law. Its failure to sign the promissory note does not invalidate the mortgage.

III

Capital Ventures makes two additional points in passing. First, Capital Ventures remarks that it "received no consideration for its execution of the mortgage". CM-ECF Doc. No. 12 at 2. In the next breath, however, Capital Ventures states, "that is not [Capital Ventures'] argument as to why the mortgage is null and void." *Id.* Indeed, Capital Ventures makes no more of the claimed lack of consideration. It has thus waived any such argument. See *Agryopoulos v. City of Alton*, 539 F.3d 724, 738 (7th Cir. 2008). And the Seventh Circuit has concluded that consideration is unnecessary for a mortgage to be enforceable under Wisconsin law. *United States v. Johns*, 686 F.3d 438, 447 (7th Cir. 2012) ("under both Wisconsin law and contract law generally, a mortgage does not need separate consideration to be enforceable, since it is not a contract, but rather secures a contractual obligation").

Second, Capital Ventures states en passant, "[i]t should be noted that the address of the property in the Note (427 West Silver Spring Drive, Glendale, Wisconsin) is different from the address in the mortgage[,] which has the address at 429 West Silver Spring Drive in Glendale, Wisconsin." CM-ECF Doc. No. 12 at 2–3. Capital Ventures submitted copies of the note and mortgage to highlight the address discrepancy. But Capital Ventures' schedule A/B lists the property's address as "429 W. Silver Spring Drive[,] Glendale, WI" (Case No. 16-21331, Doc. 25 at 4), so the address in the mortgage is presumably correct. Regardless, if there were an argument to be made based on the address incongruity, Capital Ventures has not made it. The point, if there is one, has been forfeited. See *Agryopoulos*, 539 F.3d at 738.

The Estate of Margolis is entitled to a declaration that its mortgage on Capital Ventures' property is enforceable.

IV

The Estate's counterclaim contains two counts. CM-ECF Doc. No. 4 at 6–7, ¶¶12–18. It pleads a claim for breach of contract for which it requests an award of damages, interest, costs, and attorney's fees. *Id.* at 7. The counterclaim's second count is apparently only declaratory. It "requests that the Court determine the extent, validity and priority of its mortgage lien on the property of Capital Ventures pursuant to 11 U.S.C. §§506 and 507." *Id.* at 8.

To the extent the Estate's motion seeks judgment on the counterclaim, the motion is denied based on the Estate's failure to comply with Rule 7, as explained above.

V

For these reasons, the court will enter an order (a) granting the Estate's motion for judgment on the pleadings and declaring that the July 1, 2008, Capital Ventures mortgage is enforceable and (b) dismissing Capital Ventures' complaint. The court will further order that the remainder of the Estate's motion for judgment on the pleadings or for summary judgment is denied.

#####